Doris J. HARVEY, Plaintiff,

v.

BOARD OF REGISTRATION IN NURSING OF the COMMONWEALTH OF MASSACHUSETTS, Defendant.

Civ. A. No. 82–664–C.

United States District Court,
D. Massachusetts.

July 23, 1982.

Paul G. Gitlin, Gitlin & Emmer, Robert H. Bohn, Jr., Bohn & Kaplan, Boston, Mass., for plaintiff.

Stephen S. Ostrach, Asst. Atty. Gen., Com. of Mass., Boston, Mass., for defendant.

MEMORANDUM

CAFFREY, Chief Judge.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to redress alleged deprivations of due process in relation to plaintiff's right to practice as a nurse-anesthetist. Defendant's motion to dismiss or abstain is now before the Court. The parties have submitted memoranda in support of their positions. After hearing and consideration of the submissions of the parties, I rule that defendant's motion should be granted, dismissing plaintiff's complaint without prejudice.

Plaintiff alleges in her complaint that the defendant Board of Registration in Nursing wrongfully and without due process rescinded a certain waiver granted to her by requiring her to sit for a written competency examination, which she did not pass. Plaintiff also challenges the authority and application of the regulation prescribing the competency examination, and the fairness of the examination itself. Plaintiff does not allege that she is now barred from pursuing her profession as a nurse anesthetist; the parties agree that she is, in fact, currently practicing in that capacity, pending an administrative appeal of the Board's determination.

Although plaintiff is free to raise the claims now before this Court in the administrative adjudicatory appeal now pending, and although she clearly may obtain judicial review of that determination if dissatisfied, she asks, *inter alia*, that this Court enjoin the pending administrative appeal and order defendants to authorize plaintiff to practice nursing as a nurse anesthetist. Plaintiff also seeks compensatory damages for the alleged deprivation of her property rights without due process.

Without regard to the merits of the case, on the issue of enjoining the pending administrative appeal, it is clear that this Court should exercise its discretion to dismiss this action, leaving plaintiff to pursue her administrative remedies and her right to state court review.

Here, as a matter of comity, and in accordance with the broad principles of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 639 (1971), both the state's interest in regulating health professions, and the fact that the principal relief plaintiff seeks is available by state court review of any adverse administrative decision, argue strongly against federal interference in this pending state proceeding. *See Geiger v. Jenkins*, 401 U.S. 985, 91 S.Ct. 1236, 28 L.Ed.2d 525 (1971); *Williams v. Red Bank Board of Education*, 662 F.2d 1008, 1013 (3d Cir. 1981).

The fact that plaintiff also seeks compensatory damages does not persuade me that jurisdiction should be retained in this case. It is undisputed that the Board has not revoked the plaintiff's license to practice as a nurse-anesthetist. Nor has the Board in some other way prevented plaintiff from practicing as a nurse-anesthetist. Plaintiff claims that she already has suffered injury to her property rights without due process, because of the wrongful application or distortion of state law. While there is some basis for the position that such "distortion" of state law triggers constitutional rights, especially where the official conduct at issue is particularly egregious, and involves equal protection fact patterns such as racial animus, such a fact pattern is not involved in this case. Every appeal from an adverse agency decision necessarily involves some claim that the body in question exceeded, abused, or "distorted" its legal authority, usually for some allegedly perverse reason. Merely labeling such state claims as "due process" is insufficient to raise a federal question under § 1983. *See Creative Environments, Inc. v. Estabrook*, 680 F.2d 822 (1st Cir. 1982). This is particularly true in this case where there appears to be no significant change in the *status quo* and no injury-in-fact to plaintiff's property rights. Therefore, because federal interference in this state administrative proceeding would offend the concept of comity, and because the plaintiff has not presented a federal claim ripe for adjudication, I rule that defendant's motion to dismiss should be allowed.

Order accordingly.